### STEMBRIDGE v. HARWITZ.
No. 73-11661.
Circuit Court, Dade County.
June 18, 1973.

Byrd B. Duke, North Miami, for the plaintiff.

David E. Stone, Miami, for the defendant.

HAROLD G. FEATHERSTONE, Circuit Judge.

This cause having come on before me to be heard on the court's order to show cause directed to the defendant, defendant's motion to declare ordinance unconstituional incorporating therein a prayer to vacate the order to show cause, and this court's temporary restraining order previously entered, and the court having considered the testimony of the parties, the witnesses and evidence, arguments of counsel, and being fully informed in the premises, finds —

That section 8-19 of the City of North Miami Code of Ordinances, challenged as being unconstitutional, follows —

"It shall be unlawful for any candidate or other person, during five days preceding the day of any election, to publish or circulate or cause to be published or circulated any charge against or attack against any candidate unless such charge or attack has been personally served upon the candidate at least five days prior to the day of election. Any answer to a charge or attack that contains defensive matter shall not be construed to be a charge or attack."

That the defendant, a candidate for mayor in the run-off election in the city of North Miami attempted to serve a list of alleged charges and attacks against the plaintiff, also a candidate for mayor in the election, by placing the list under the door of the plaintiff's campaign headquarters before midnight of the 6th day preceding the day of the election when the defendant was unable to locate the plaintiff to personally serve him, thus did not comply with the personal service requirement of section 8-19 of the code prior to the 5th day preceding the day of the election.

That the defendant did not violate this court's temporary restraining order dated May 11, 1973 by thereafter having published and circulated the flyer (plaintiff's exhibit 1) consisting of photo-offsets of newspaper clippings from local newspapers which had added at the bottom the words — "John, Your smear campaign is not working", and is found not to be in contempt of court.

That the printing, publishing and circulation of said flyer by the defendant did not violate said section 8-19 in that the flyer contained defensive matter and was an answer by defendant to alleged charges and attacks which were personally served on defendant by plaintiff on the 6th day preceding the election.

That the said section of the North Miami Code makes it "unlawful for any candidate or *other person,* during five days preceding the day of any election, to publish or circulate or cause to be published or circulated any charge or attack . . ." (emphasis supplied) which prohibition would apply to any person, including a newspaper publisher, as well as a candidate, unless the charges or attacks were first personally served upon the candidate at least five days prior to the day of the election.

That the ordinance is penal in nature and must therefore be strictly construed, and is void as violating the Fourteenth Amendment, the due process of law provisions of the United States Constitution and Article 1, Section 9, the due process of law provision of the Florida Constitution in that the ordinance is vague, indefinite and uncertain.

A violation of section 8-19 of the code would constitute a misdemeanor, but neither the specific section 8-19 nor the other provisions of the code establishes or defines a standard of guilt. What constitutes a "charge" or "attack" against a candidate is not defined. The ordinance is too vague, indefinite and uncertain as to who is to determine whether a statement is a charge or attack against a candidate, or whether it is an answer to a charge or attack previously made before the five day prohibition period, which answer the ordinance would seem to allow if the answer contained defensive matter. The ordinance does not establish or define an "answer" or "defensive matter," or who shall determine if a statement is an "answer" or "defensive matter." A statement by one candidate about the other candidate circulated in a certain precinct that is predominately of a minority group when compared with other precincts might prove very helpful to a candidate, but if the statement was circulated in another precinct it might prove to be a most effective charge or attack.

That the effect of the ordinance would be to keep from the public and the electors things which they have a right to know.

That the ordinance does not condemn false or malicious charges or attacks only, but effectually attempts to prohibit the dissemination of the truth if such truth embraces a charge or attack on the candidate. The truth should not be subverted by such an ordinance. The general laws prohibiting defamation, libel and slander continue to protect all persons, even candidates for public office, if false and malicious charges and attacks are made by another candidate or another person.

It is accordingly ordered and adjudged: (1) That section 8-19 of the City of North Miami Code of Ordinances is declared to be null and void and of no effect for the reason that said section is unconstitutional in that it violates the First Amendment to the United States Constitution relating to freedom of the press and violates the Constitution of the State of Florida, Article 1, Section 4 relating to freedom of the press. It also is unconstitutional in that it violates the Fourteenth Amendment to the United States Constitution, the due process and equal protection provisions of said amendment, and violates the due process provisions, Article 1, Section 9 of the Constitution of the State of Florida. (2) That the temporary restraining order dated May 11, 1973 heretofore entered in this cause is vacated and of no further force and effect. (3) That defendant has complied with this court's order to show cause, dated May 12, 1973, and has shown good cause why she should not be held in contempt of court.